IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 EASTERN DIVISION 

MAXINE MEYERS, ) 
 ) 
 Plaintiff, ) 
 ) 
v. ) Civil Action No.: 3:19-cv-835-SMD 
 ) 
ANDREW SAUL, ) 
Commissioner of Social Security, ) 
 ) 
 Defendant. ) 

 MEMORANDUM OPINION AND ORDER 

This cause is before the Court on the Commissioner’s Motion to Remand (Doc. 13) 
pursuant to sentence six of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The 
Commissioner’s Motion did not indicate that it was unopposed; therefore, the undersigned 
entered an order (Doc. 14) directing Plaintiff to show cause, if any there be, why the 
Commissioner’s Motion should not be granted. Plaintiff did not file an opposition. 
As basis for remand, the Commissioner alleges an inability to locate the complete 
claim file in this case. (Doc. 13) at ¶ 2. Therefore, the Commissioner requests a remand “to 
locate the complete claim file and, if all the materials are complete, prepare the certified 
administrative record.” Id. If the complete claim file is not located, the Commissioner states 
that “the Appeals Council will remand the case to an administrative law judge for 
reconstruction of the administrative record and to hold another hearing and issue a new 
decision.” Id. 
The first portion of sentence six of 42 U.S.C. § 405(g) provides that “[t]he court 
may, on motion of the Commissioner of Social Security made for good cause shown before 
the Commissioner files the Commissioner’s answer, remand the case to the Commissioner 
of Social Security for further action by the Commissioner of Social Security[.]” Without a 
complete claim file, the Commissioner cannot compile an administrative record to file with 

the answer and, ultimately, this Court will be precluded from reviewing the ALJ’s decision. 
Therefore, the Commissioner’s inability to compile a complete administrative record for 
this Court’s review establishes good cause to remand this case to the Commissioner of 
Social Security so that the Commissioner can find the claim file or reconstruct the same. 
See H.R. Rep. No. 96-944 96th Cong., 2d Sess. 59 (1980) (indicating that a lost file is the 

type of circumstance anticipated by Congress for a sentence six remand). 
With entry of this sentence six remand, the Court “does not rule in any way as to 
the correctness of the administrative determination.” Melkonyan v. Sullivan, 501 U.S. 89, 
98 (1991). Accordingly, Plaintiff is not a prevailing party for purposes of the Equal Access 
to Justice Act, 28 U.S.C. § 2412. See Schaefer, supra, 509 U.S. at 297-298, 300-302. “In 

sentence six cases, the [EAJA] filing period does not begin until after the post-remand 
proceedings are completed, the [Commissioner] returns to court, the court enters a final 
judgment, and the appeal period runs.” Melkonyan, supra, 501 U.S. 102. 
Accordingly, it is 

 2 
ORDERED that the Commissioner’s Motion to Remand (Doc. 13) is GRANTED 
and this case is remanded to the Commissioner of Social Security pursuant to sentence six 
of 42 U.S.C. § 405(g) for action consistent with the Commissioner’s motion to remand. It 
is further 
Although the Court retains jurisdiction over this action under sentence six of § 

405(g), the Clerk of Court is DIRECTED to administratively close this case. 
Done this 23rd day of March, 2020. 

 /s/ Stephen M. Doyle 
 UNITED STATES MAGISTRATE JUDGE 

 3